UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE E. COWAN,

    Petitioner,

-vs-                                                      Case No. 8:08–cv-1297-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging convictions for 2 counts of attempted sexual battery on a child under the age of 12 entered in 1995 by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1), and a memorandum of law in support of the petition (Dkt. 2).[1] Respondent filed a response to the petition (Dkt. 21). Petitioner filed a reply to Respondent's response (Dkt. 26).

The petition contains three grounds for relief:

1. "Due process right to enforcement of Original and VOP Sentence."

2. "A claim asserting a discrepancy between an oral and written sentence is cognizable in a Rule 3.800(A)."

3. "Whether Appellant is legally entitled to enforcement of plea agreement or to withdraw

---

[1]Petitioner subsequently filed his Addendum to Memorandum of Law (Dkt. 28).

plea."

(Dkt. 1 at pp. 4-6).

## PROCEDURAL HISTORY

**Conviction and Sentence**

On October 22, 1993, Petitioner was charged by Information with 1 count of lewd and lascivious act on a child and 3 counts of sexual battery on a child under the age of 12 (Respondent's Ex. 1A). On February 24, 1995, Petitioner pleaded guilty pursuant to a plea agreement to 2 counts of the lesser included offense of attempted sexual battery of a child under the age of 12 (Respondent's Ex. 1B).[2] Petitioner was sentenced to concurrent terms of 15 years in prison followed by 5 years probation on each count (Id). Petitioner did not pursue a direct appeal.

On August 29, 1997, Petitioner filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.800(a) in the state circuit court seeking credit for county jail time (Respondent's Ex.1G). The motion was denied on September 29, 1997 (Respondent's Ex. 1H).

On March 10, 1998, the State filed a Motion for Written Finding of Sexual Predator Status in which the State moved the state circuit court to make a written finding that Petitioner qualifies as a sexual predator so that Petitioner would be required to register with the Department of Law Enforcement as a sexual predator (Respondent's Ex. 1I).[3]

On September 20, 1999, Petitioner filed a Motion to Define and Clarify Sentence (Respondent's Ex. 1J). The motion was denied on November 10, 1999 (Respondent's Ex. 1K). The

---

[2]The State entered a Notice of Nolle Prosequi to the charge of lewd and lascivious act on a child and the third count of sexual battery on a child under the age of 12 (Respondent's Ex. 1C).

[3]It appears from the record that there was never a ruling on, or an order entered disposing of, the March 10, 1998, motion.

2

appellate court affirmed the denial of the motion on January 12, 2001 (Respondent's Ex. 3). The appellate court mandate issue on February 5, 2001 (Respondent's Ex. 4).

On January 18, 2001, Petitioner filed a second Motion to Define and Clarify Sentence (Respondent's Ex. 1M). The motion was denied on May 10, 2001 (Respondent's Ex. 1N).

On February 12, 2001, Petitioner filed an Emergency Petition for Writ of Habeas Corpus in the Florida Second District Court of Appeal (Respondent's Ex. 5). He filed a supplement to his petition on February 28, 2001 (Respondent's Ex. 6). On March 16, 2001, the petition was denied as moot (Respondent's Ex. 7).

On March 7, 2001, the State filed another Motion for Written Finding of Sexual Predator Status (Respondent's Ex. 1O). On the same day, the state circuit court entered an order declaring Petitioner a sexual predator (Respondent's Ex. 1P).

On May 21, 2003, Petitioner filed a Motion to Strike Sexual Predator Designation (Respondent's Ex. 1R). On June 23, 2003, a hearing was held on Petitioner's Motion to Strike Sexual Predator Designation (Respondent's Ex. 1S). The state circuit court denied the motion (Id. at Transcript p. 17).

On August 28, 2003, Petitioner filed a Motion to Withdraw Plea of Guilty/No Contest (Respondent's Ex. 1U). On December 5, 2003, the state circuit court held a hearing on the motion (Respondent's Ex. 1V).[4] The motion was denied (Id. at Transcript p. 9).

**Violation of Probation**

On February 7, 2003, a probation officer filed an amended affidavit of violation of probation

---

[4] Following the denial of the motion, the court turned to sentencing Petitioner for violating his probation (Id.).

alleging Petitioner violated the conditions of his probation (Respondent's Ex. 1Q). A hearing on the violation of probation was held on August 1, 2003 (Respondent's Ex. 1T). Petitioner admitted to violating probation by using and testing positive for cocaine (Id. at Transcript pp. 16-17). On December 5, 2003, Petitioner's probation was revoked and the trial court sentenced him to 27 years imprisonment on the two counts to run concurrently with credit for time served (Respondent's Ex. 1V at Transcript p. 44). On December 17, 2004, the appellate court affirmed the revocation of Petitioner's probation and sentence, and the denial of his motion to withdraw his plea (Respondent's Ex. 12). The appellate court mandate issued on March 14, 2005 (Respondent's Ex. 13).

On December 8, 2003, Petitioner filed a pro se Motion for Mitigation and Reduction of Sentence (Respondent's Ex. 1W). The post conviction court denied the motion on January 20, 2004 (Respondent's Ex. 1X).

On March 7, 2005, Petitioner filed a petition to invoke all writs jurisdiction in the Florida Supreme Court (Respondent's Ex. 14). The Florida Supreme Court dismissed the petition for lack of jurisdiction on March 8, 2005 (Respondent's Ex. 15).

On October 18, 2005, Petitioner filed a second motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) (Respondent's Ex. 16). The state post conviction court denied the motion on May 26, 2006 (Respondent's Ex. 17). The appellate court affirmed on September 27, 2006 (Respondent's Exs. 19, 21). The appellate court mandate issued on November 15, 2006 (Respondent's Exs. 19, 22).

On February 8, 2006, Petitioner filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850 (Respondent's Ex. 23). The state post conviction court denied the Rule 3.850 motion on August 15, 2006 (Respondent's Ex. 26). On March 7, 2007, the appellate court affirmed the

denial of the Rule 3.850 motion (Respondent's Ex. 31). The appellate court mandate issued on May 3, 2007 (Respondent's Ex. 32).

On February 12, 2007, Petitioner filed a second petition to invoke all writs jurisdiction in the Florida Supreme Court (Respondent's Ex. 33). The Florida Supreme Court dismissed the petition for lack of jurisdiction on May 3, 2007 (Respondent's Ex. 34).

On January 25, 2007, Petitioner filed a third motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a) (Respondent's Ex. 35). The state post conviction court denied the motion on June 15, 2007 (Respondent's Ex. 36). The appellate court affirmed on February 15, 2008 (Respondent's Ex. 41). The appellate court mandate issued on April 25, 2008 (Respondent's Ex. 42).

On April 18, 2008, Petitioner filed a petition to invoke the jurisdiction of the Florida Supreme Court (Respondent's Ex. 43). The Florida Supreme Court dismissed the petition for lack of jurisdiction on April 29, 2008 (Respondent's Exs. 43, 44).

Petitioner filed the instant federal habeas petition in this Court on June 27, 2008 (Dkt. 1).[5]

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing

---

[5]Although Petitioner's petition was filed with the Court on July 7, 2008, Petitioner delivered his petition to prison officials for mailing on June 27, 2008 (Dkt. 1 at p. 1). Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

evidence.[6] Similarly, the state courts' resolutions of issues of law, including constitutional issues, must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362, 386 (2000). It is not enough that the federal courts believe that the state court was wrong; the state court decision must have been "objectively unreasonable." *Id.*; *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief,

---

[6]Petitioner filed his petition after April 24, 1996, the effective date of the AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001).

unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

As noted above, procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The

fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

**Federal Question**

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure is not a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted).

## DISCUSSION

**Grounds One and Three**

In Ground One, Petitioner asserts that he has a "[d]ue process right to enforcement of original

and VOP sentence." (Dkt. 1 at p. 4). In Ground Three, Petitioner asserts that he "is legally entitled to enforcement of plea agreement or to withdraw plea." (Dkt. 1 at p. 6). In Ground Three, and in the portion of Ground One challenging his original sentence, Petitioner essentially asserts that the plea agreement he entered into in 1995 stated that he would not be classified as a sexual predator.[7] In 2001, however, Petitioner was declared a sexual predator (Respondent's Exs. 1P; 1R at 149). Petitioner argues that his designation as a sexual predator violates the plea agreement, and therefore he is entitled to either reversal of the sexual predator designation, or to withdraw his guilty plea. Upon review of the record, the Court concludes that Ground Three and the portion of Ground One challenging the original sentence are time-barred and must be dismissed.

AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[7] The plea agreement indicated in pertinent part that designation as a sexual predator pursuant to Fla. Stat., 775.23 was "N/A", i.e., not applicable (Respondent's Ex. 1D at 86).

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). If § 2244(d)(1)(A) was applicable in this case, the one-year limitation period would have started to run on AEDPA's enactment date, April 24, 1996, because Petitioner's convictions became final prior to the enactment of the AEDPA. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998). Petitioner, however, had no notice that he was to be designated a sexual predator until at least February 9, 2001, the date on which he signed the Florida Department of Corrections form acknowledging in pertinent part that he had been "designated as a Sexual Offender, Sexual Predator or PSIA Offender." (Respondent's Ex. 1R at 149).[8] Consequently, the Court finds that § 2244(d)(1)(D) applies to Ground Three and the portion of Ground One challenging the original sentence because the factual predicate underlying those claims could not have been discovered through diligence until February 9, 2001.

Petitioner filed an Emergency Petition for Writ of Habeas Corpus in the Florida Second District Court of Appeal on February 12, 2001 (Respondent's Ex. 5), which was denied on March 16, 2001 (Respondent's Ex. 7). He also filed a second Motion to Define and Clarify Sentence in the trial court on January 18, 2001 (Respondent's Ex. 1M), which was denied on May 10, 2001 (Respondent's Ex. 1N). Petitioner did not appeal the May 10, 2001 order denying his second Motion to Define and Clarify Sentence. Therefore, the second Motion to Define and Clarify Sentence was pending until June 9, 2001, when the time to appeal the denial of the motion expired. Accordingly, pursuant to § 2244(d)(2), AEDPA's one-year limitation period was tolled until June 9, 2001.

---

[8]Further, on February 13, 2001, Petitioner obtained a driver's license which indicated in pertinent part that Petitioner was a "Sexual Predator." (Respondent's Ex. 45 at 12).

A period of 711 days elapsed between June 9, 2001, and May 21, 2003, when Petitioner filed his Motion to Strike Sexual Predator Designation (Respondent's Ex. 1R). Consequently, the Motion to Strike Sexual Predator Designation had no tolling effect on the running of the limitation period in 28 U.S.C. § 2244(d)(1), because it was initiated well after the one-year federal limitation period expired on June 9, 2002. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001). Accordingly, Ground Three and the portion of Ground One challenging the original sentence are time-barred.

In his reply, Petitioner asserts that he never had "actual knowledge" that the State violated his plea agreement by designating him a sexual predator until July 9, 2002, when his probation officer "officially served" Petitioner with the trial court's March 7, 2001 order designating Petitioner a sexual predator (Dkt. 26 at 33). An analysis under § 2244(d)(1)(D), however, requires the Court to determine the date on which the factual predicate of Petitioner's claims could have been discovered through the exercise of due diligence, not when the prisoner first discovers the new evidence. On February 9, 2001, the Florida Department of Corrections form clearly gave Petitioner notice that the State was treating him as a sexual predator. Petitioner was given further notice of this designation on February 13, 2001, when he obtained the driver's license (as the Florida Department of Corrections form required him to do) which clearly indicated that he was a sexual predator.

In any event, Ground Three and the portion of Ground One challenging the original sentence are time-barred even if July 9, 2002, is the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. A period of 316 days of the one-year limitation period elapsed between July 9, 2002, and May 21, 2003, when Petitioner filed his Motion to Strike Sexual Predator Designation. The motion was denied at the hearing on June 23, 2003. The

limitation period remained tolled until May 23, 2005, 90 days after the appellate court denied Petitioner's motion for rehearing on February 22, 2005,[9] after it had affirmed the denial of Petitioner's Motion to Strike Sexual Predator Designation, the denial of his Motion to Withdraw Plea of Guilty/No Contest, and the order revoking Petitioner's probation (Respondent's Ex. 13). *See Bond v. Moore*, 309 F3d 770, 772 (11th Cir. 2002). Thereafter, an additional 148 days elapsed before Petitioner filed his Motion to Correct Illegal Sentnece [sic] on October 18, 2005 (Respondent's Ex. 16). The Motion to Correct Illegal Sentnece [sic], however, had no tolling effect on the running of the limitation period in 28 U.S.C. § 2244(d)(1), because it was initiated after the one-year federal limitation period expired on July 11, 2005. *See Webster*, 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333 1335 n.4.

Finally, the Court notes that Petitioner's probation revocation did not resurrect, toll or otherwise extend the one year limitation period for Ground Three and the portion of Ground One challenging the original sentence. This Court agrees with *Williams v. Vasbinder*, 2006 U.S. Dist. LEXIS 51469, 2006 WL 2123908 (E.D. Mich. July 27, 2006), where the District Court reasoned:

> Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003). Because petitioner is challenging two separate judgments by challenging both his underlying conviction and his subsequent probation revocation in a single habeas petition, the one year limitations period would begin to run for each of these separate judgments at different times. *See Wilkinson v. Cockrell*,

---

[9]The Court takes judicial notice of information available August 20, 2011, on the database maintained by the Clerk of the Court, Florida Second District Court of Appeal, http://www.2dca.org/the_clerk's_office.htm, which indicates that Petitioner's motion for rehearing, in case no. 2D04-401, was denied on February 22, 2005. See Fed. R. Evid. 201.

240 F. Supp. 2d 617, 620-22 (N.D. Tex. 2002).

2006 U.S. Dist. LEXIS 51469, [WL] at *2. *See also, Dones v. Dretke*, 2006 U.S. Dist. LEXIS 30533, 2006 WL 1294077 at *2 (N.D. Tex. May 11, 2006) (separating claims challenging an order deferring adjudication and imposing community supervision from a claim challenging an order revoking community supervision and imposing a prison sentence for purposes of calculating the one-year limitations period); *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005) ("§ 2244(d)(1) provides that a '1-year period of limitation shall apply to an *application* for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).") (emphasis in original).

In sum, Ground Three and the portion of Ground One challenging the original sentence are dismissed as time-barred.

With respect to the portion of Ground One challenging the sentence following the revocation of Petitioner's probation, the claim does not warrant relief. In his petition, Petitioner asserts that "VOP sentence records demonstrate trial court judge Roberts's oral pronouncement to 15-years time serve [sic] knocked off 27-years." (Dkt. 1 at 4).

After the trial court revoked Petitioner's probation, Petitioner was sentenced to 27 years imprisonment with credit for time served (Respondent's Ex. 1V at 253). On appeal, Petitioner asserted that because his original sentence was a "true split sentence," the 27 year sentence imposed after his probation was revoked was illegal because the court could only sentence him to five years in prison, which was the period of probation (Respondent's Ex. 9 at 20-21). To the extent Petitioner

13

is asserting the same sentencing error claim that he raised in his Initial Brief on appeal from the probation revocation, the claim must be denied.

First, Petitioner's federal due process claim is unexhausted because he did not present a federal due process claim in his Initial Brief. Instead, he only argued that his sentence was illegal under Florida law. In *Cook v. McNeil*, 266 Fed. Appx. 843 (11th Cir. 2008) (unpublished opinion), the Eleventh Circuit stated:

> "Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court." *McNair*, 416 F.3d at 1302 (citing 28 U.S.C. § 2254(b)(1); *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1343 (11th Cir. 2004)). The petitioner must "'fairly present[]' to the state courts the 'substance' of his federal habeas corpus claim." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (citing *Picard*, 404 U.S. at 275, 278, 92 S. Ct. at 512, 513). Exhaustion is not satisfied "merely" if the petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." *Kelley*, 377 F.3d at 1344 (citing *Anderson*, 459 U.S. at 6, 103 S. Ct. at 277). The petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Id.* (quoting *Picard*, 404 U.S. at 277, 92 S. Ct. at 513).

*Id.* at 845. Because Petitioner did not alert the state court to the alleged federal nature of his claim, it is unexhausted. Further, because Petitioner offers no cause or prejudice to excuse the failure to exhaust, his claim is procedurally defaulted.

Second, even if the claim was exhausted, it lacks merit. Petitioner is challenging the state court's sentencing procedure, which is an issue that is not cognizable in federal habeas proceedings. The Eleventh Circuit has stated that "mere errors of state law are not the concern of [a federal] court unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Harmon v. Barton*, 894 F.2d 1268, 1276 (11th Cir. 1990) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 (1989)). Moreover, in Florida, a true split sentence "is a prison term of a number

of years with part of that prison term suspended, contingent upon completion on probation of the suspended term of years." *Doss v. Crosby*, 357 F. Supp. 2d 1334, 1335 (N.D. Fla. 2005); *Gibson v. Fla. Dep't of Corr.*, 885 So. 2d 376, 381 (Fla. 2004). In Petitioner's case, he was sentenced to 15 years imprisonment followed by 5 years probation. This is more analogous to a "probationary split sentence," which consists of a period of confinement, none of which is suspended, followed by a period of probation. *Gibson*, 885 So. 2d at 381 (citing *Poore v. State*, 531 So. 2d 161, 164 (Fla. 1988)). Therefore, this claim does not warrant federal habeas relief.

It also appears that Petitioner asserts an additional claim in his reply, i.e., that after he violated his probation, the Department of Corrections forfeited the gain time Petitioner earned while incarcerated prior to his release on probation (Dkt. 26). He appears to argue that the forfeiture of gain time violates the intent of the plea agreement he entered into during the revocation of probation proceedings. Therefore, Petitioner's claim is that he pleaded guilty to the violation of probation pursuant to a plea agreement, and the plea agreement was violated due to the forfeiture of gain time. Consequently, he asserts that he is entitled to either a new sentence that will effectuate the intent of the plea agreement, or to withdraw his plea to the violation of probation.

In his October 18, 2005 state Motion to Correct Illegal Sentnece [sic], Petitioner asserted in pertinent part that:

> On December 5, 2003, after state attorney made offer to Mr. Cowan for fifteen years time serve [sic] if he would plea [sic] guilty to V.O.P. he accepted this offer. On October 29, 2002, an affidavit of violation of probation was filed, for Mr. Cowan testing positive for cocaine. On December 5, 2003, he was sentenced to F.S.P. for a twenty-seven years sentence on both counts two/three to run concurrent. This was with the understanding he would receive fifteen years time serve from his original sentence with 508 days county jail time serve. Also with 389 days county jail time serve on his V.O.P., and all unforfieted [sic] gain-time. But D.O.C. has not granted Mr. Cowan the fifteen years he stood this court to grant him for pleading

> guilty and foregoing a V.O.P. hearing. It's clear from the face of the records [sic] that trial court error accounted for the illegal sentence.

(Respondent's Ex. 16 at 5). Petitioner also asserted that he did not know that the D.O.C. would forfeit the gain time he had earned prior to his release on probation, and therefore the plea to the violation of probation was unknowing and involuntary (Id. at 14(a)-14(e)). He also asserted that the forfeiture of gain time thwarted the intent of his plea agreement that he receive 27 years imprisonment, with credit for 15 years previously served (12 years remaining), less county jail time (Id. at 14(c)).

In denying this claim, the state post conviction court stated:

> Defendant entered an admission to violation of probation in this case and was sentenced on December 3, 2005, to 27 years in Florida State Prison...Defendant now claims that it was the clear understanding of the parties that he negotiated a specific term of years less than 27 years. Defendant claims that he is being denied some gain time by the Department of Corrections which makes his sentence longer than the sentence contemplated by the Court and the parties. Defendant argues that his sentence should be restructured to reflect the intent of the parties, or he should be allowed to withdraw his plea to violation of his probation because it was entered involuntarily. The attached copies of the transcripts of the plea and sentencing hearings held on August 1, 2003 and December 5, 2003, show that there was no negotiated agreement for a specific term of years less than 27 years. It is clear from a reading of the transcripts that there is no basis for Defendant's claim that his sentence should be restructured because it does not reflect the intent of the parties, or for Defendant's claim the he should be allowed to withdraw his plea to violation of his probation because it was involuntary.

(Respondent's Ex. 17).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). In Florida, "a defendant is entitled to have *a plea agreement* enforced if the Department's forfeiture of gain time thwarted the intent *of a*

*negotiated plea.*" *Chase v. State*, 57 So. 3d 898, 899 (Fla. 1st DCA 2011) (emphasis added). The state post conviction court's determination that there was no negotiated plea agreement regarding the violation of probation is based upon a finding of fact entitled to deference in this court. Petitioner has not rebutted the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Bui v. Haley*, 321 F.3d 1304, 1322 (11th Cir. 2003) ("[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence.").

During the August 1, 2003 plea hearing, Petitioner admitted that he violated condition 18 of his probation (Respondent's Ex. 17, Transcript of Plea Hearing at 9). Petitioner also told the court that "we don't really need an Evidentiary Hearing on [whether he tested positive for cocaine in violation of condition 18] because I am admitting that I did have dirty urine." (Id. at 7). There is no indication from the transcript of the plea hearing that Petitioner pleaded guilty to the violation pursuant to a plea agreement, or was induced to enter the plea pursuant to a promise of a specific prison term (Id. at 1-10). Further, during the December 5, 2003 sentencing hearing, the prosecutor confirmed that "[t]here was never a 15-year offer." (Respondent's Ex. 17, Transcript of Sentencing Hearing at 38). The Court also stated "[w]e are past a plea offer. You didn't accept that. So now it's 27 years." (Id.).

Petitioner fails to show that he entered into a plea agreement with respect to his violation of probation, or that his plea of guilty to the violation of probation was induced by a promise of a specific prison sentence. Consequently, he cannot show that his sentence violates due process.[10]

---

[10] It also appears that Petitioner intimates that the sentence he is actually serving is contrary to the trial court's oral pronouncement of sentence which, Petitioner asserts, was 27 years imprisonment less 15 years for time served. The transcript of the sentencing hearing shows that during a conversation between the judge, Petitioner, and the

Petitioner has failed to show that the State court's rejection of this claim was contrary to, or an unreasonable application of, federal law, or an unreasonable determination of the facts as presented to the State court. Accordingly, Ground One does not warrant relief.

**Ground Two**

"A claim asserting a discrepancy between an oral and written sentence is cognizable in a Rule 3.800(A)" (Dkt. 1 at p. 5).

In Ground Two, it appears that Petitioner asserts that a claim of a discrepancy between the oral pronouncement of sentence and the written sentence is cognizable in Florida in a motion filed pursuant to Rule 3.800(a), Fla. R. Crim. P.

Petitioner has not framed this claim as a federal constitutional violation. Therefore, the claim is not cognizable on federal habeas corpus review because Petitioner asserts no federal constitutional violation. See 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted). A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 1014 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce

---

prosecutor, the judge stated in pertinent part "[y]eah, you get credit - - 15 years knocked off your 27 years, and leaves you with 12." (Respondent's Ex. 17, Transcript of Sentencing Hearing at 38). When the judge pronounced the sentence, however, the judge stated in pertinent part "[y]ou are committed to the custody of the Department of Corrections to serve a term of 27 years on Counts two and three each. You are awarded all credit for *time incarcerated* on those charges." (Id. at 41) (emphasis added). Therefore, the oral pronouncement of sentence was 27 years imprisonment less the previous time incarcerated on the charges. Petitioner does not allege that he has not received credit for the time he was previously incarcerated on the charges.

state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). To the extent that this claim may be liberally construed as asserting a claim that Petitioner was denied his federal due process rights during the state post conviction proceedings, the claim likewise does not warrant federal habeas relief. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post conviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim, that the state court violated his due process rights when it summarily denied his post conviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention.").

Accordingly, Ground Two does not warrant federal habeas relief.

## EVIDENTIARY HEARING

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, it is **ORDERED**:

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

   **IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). (Id.). "A [COA] may issue... only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

   Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

   **DONE AND ORDERED** in Tampa, Florida on September 11th, 2011.

                                   JAMES D. WHITTEMORE
                                   United States District Judge

SA: sfc
Copy to:
Petitioner, *pro se*
Counsel of record